UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MUTAKABBIR ALI-BEY,

                  Plaintiff,

        v.

HSBC BANK USA and AAMES
FUNDING CORPORATION,

                  Defendants.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
1:24-CV-6820 (RPK) (TAM)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Mutakabbir Ali-Bey brings this state-law and Truth in Lending Act suit against defendants HSBC Bank USA ("HSBC") and AAMES Funding Corporation ("AAMES"). For the reasons set below, the Court grants defendant HSBC's motion to dismiss.

Plaintiff executed a mortgage on real property located in Jamaica, New York, to defendant AAMES. Compl. ¶ 12 (Dkt. #1). After being "assigned multiple times," the mortgage ultimately fell under the ownership of defendant HSBC. *Id.* ¶ 13. In 2007, HSBC initiated foreclosure proceedings in the New York Supreme Court, Queens County. *Id.* ¶ 14. It appears that the New York Supreme Court issued a judgment of foreclosure and sale. *See generally* J. for Foreclosure & Sale (Dkt. #17-7).

Claiming that "defects in the chain of title and lack of standing" barred the foreclosure action, plaintiff sued defendants in this Court under the Truth in Lending Act and various state laws. Compl. ¶ 14. He seeks a battery of remedies: compensatory and punitive damages, restitution, a declaration that the foreclosure action is "void and without legal effect," injunctions enjoining defendants from executing the foreclosure judgment, an order to quiet title to the

1

property, rescission or reformation of the mortgage agreement, and fees and costs. *Id.* at 14. The complaint also moved for a temporary restraining order and preliminary injunction to "immediately halt the foreclosure action." *Id.* ¶ 72. Defendant HSBC moved to dismiss on grounds that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine and that the complaint fails to state a claim on which relief can be granted. Mem. of L. in Supp. of Def.'s Mot. to Dismiss 4, 6 (Dkt. #18).

The *Rooker-Feldman* doctrine bars plaintiff's requests for relief to the extent he alleges that the defendants obtained a wrongful foreclosure judgment. Under this doctrine, "federal district courts lack [subject-matter] jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). For a claim to be barred under *Rooker-Feldman*, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645.

Each element supports dismissal here. Before plaintiff filed suit in this Court, he lost in state court when the Supreme Court of New York issued a foreclosure judgment over his property. J. of Foreclosure & Sale. Plaintiff also complains of an injury caused by the state-court judgment: the "loss of his home" became possible after the state court issued the allegedly wrongful foreclosure judgment. Compl. ¶¶ 17, 72; *Hoblock*, 422 F.3d at 88; *see Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (per curiam) (holding that "the injury of which [plaintiff] 'complains' . . . is the state foreclosure judgment" where plaintiff claimed that defendants fraudulently obtained a foreclosure judgment and asked the district court "to grant him

title to his property"). Finally, plaintiff asks this Court to review and reject the state court's conclusion. The requested relief—declaring the state-court judgment void, barring defendants from executing it, and rescinding the mortgage agreement—would effectively void the state court's conclusion. *See Peters v. Caton Towers Owners Corp.*, No. 25-CV-4176 (RPK) (JRC), 2025 WL 2653905, at *2 (E.D.N.Y. Sept. 16, 2025); *Babalola v. B.Y. Equities, Inc.*, 63 F. App'x 534, 535–36 (2d Cir. 2003) (finding Fair Housing Act claims barred by *Rooker-Feldman* where federal court "would have to hold that the state courts erred in issuing" eviction warrant); *Plunkett v. U.S. Bank Nat'l Ass'n*, No. 24-CV-5479 (SJB) (LGD), 2025 WL 1489904, at *8 (E.D.N.Y. May 23, 2025) (finding similar requests for relief barred by *Rooker-Feldman*). The requested order would therefore reverse the state-court's decision.

To the extent the Court construes the complaint to assert fraud and commercial-law claims that are not barred by *Rooker-Feldman*—"because they seek damages from Defendants for injuries . . . suffered from their alleged fraud, the adjudication of which does not require" this Court to review the state court judgment, *Vossbrinck*, 773 F.3d at 427—claim preclusion militates dismissal.

When a state court enters judgment, this Court must give it the "preclusive effect" given "under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under New York law, a claim is precluded if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them," and "(3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). A claim could have been raised in a prior action if the facts arise out of the same transaction—what turns on whether the facts "are related in time, space, origin, or

3

motivation," "form a convenient trial unit," and would "conform[] to the parties' expectations or business understanding or usage" if treated together. *Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machs. Corp.*, 110 F.4th 106, 114 (2d Cir. 2024). In this case, the New York Supreme Court issued a final judgment between plaintiff and defendant HSBC over precisely the same mortgage at issue before the state court. Therefore, plaintiff could have raised his arguments in the prior suit—especially where he has not filed a brief explaining otherwise. *See, e.g.*, *Ceccarelli v. Morgan Stanley Priv. Bank Nat'l Ass'n*, 763 F. Supp. 3d 550, 561 (S.D.N.Y. 2025); *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 292–93 (E.D.N.Y. 2024).

For the foregoing reasons, defendant HSBC's motion to dismiss is granted. Plaintiff's request for a temporary restraining order and preliminary injunction is denied as moot.

SO ORDERED.

 /s/  Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: March 3, 2026
       Brooklyn, New York

4